IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LEAH ESTABA, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:04-22078-HFF-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on October 31, 2001, alleging disability as of June 4, 2000 due to Type I latex hypersensitivity. (R.pp. 44-46, 57). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on May 29, 2003. (R.pp. 230-288). The ALJ thereafter denied Plaintiff's claim in a decision issued July 23, 2003. (R.pp. 18-24). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the



determination of the ALJ the final decision of the Commissioner. (R.pp. 5-7).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).



**Discussion**

A review of the record shows that Plaintiff, who was forty-two (42) years old at the time she claims she became disabled, has a high school education plus an associates degree in nursing, with past relevant work experience as a registered nurse. (R.pp. 44, 58, 205). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months.  After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff was unable to perform any of her past relevant work, she nevertheless retained the residual functional capacity to perform a significant range of light work[1], and was therefore not disabled. (R.pp. 23-24).  Plaintiff asserts that in reaching this decision the ALJ erred by finding that Plaintiff can work in a "relatively latex-free environment", by failing to pose a proper hypothetical question to the vocational expert which included all of Plaintiff's relevant functional limitations, and by finding that Plaintiff could perform jobs which were inappropriate under the regulations. However, after careful consideration of the evidence and arguments presented, the undersigned finds that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not disabled as that term was defined in the Social Security Act during the relevant time period, and that the decision of the Commissioner should therefore be affirmed.

---



[1]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

3

A review of the record and medical evidence confirms that Plaintiff does suffer from latex hypersensitivity, which severely restricts her ability to move about in a normal environment. Dr. Allen Kaplan stated on July 24, 2000 that Plaintiff would have to have a "change of employment because she feels that the protection where she works is inadequate to completely remove all traces of latex," and on August 31, 2000 opined that Plaintiff would "need to have a work and home environment that is latex free." (R.pp. 123-124). Similarly, Dr. Tanya Reid opined following an evaluation of the Plaintiff on September 29, 2000 that Plaintiff could not return to her previous job or job conditions because of her hypersensitivity, and that she would require a latex free work environment in order to return to work at a hospital. (R.p. 132).

On January 2, 2002, state agency physician Richard Weymouth completed a physical residual functional capacity assessment of the Plaintiff in which he concluded that Plaintiff should avoid all exposure to fumes, odors, dust, gases, poor ventilation, etc., with the need to "limit all exposure to environments [with] latex." (R.p. 190). A second physical residual functional capacity assessment form was completed on June 5, 2002 by state agency physician Charles Jones, who also opined that Plaintiff would need "to avoid even moderate exposure to environments with latex products." (R.p. 181).

Consistent with the medical evidence, the ALJ found in his decision that Plaintiff does suffer from latex hypersensitivity. However, Plaintiff complains that in concluding she is nevertheless capable of gainful employment, the ALJ posed an improper hypothetical to the vocational expert which only required work in a "relatively" latex free environment, with an ability to go into "a clean office environment for a twenty to thirty minute period". (R.pp. 255-256). Plaintiff notes that her physicians' opinions state that she should work in a latex free environment,

4



not a "relatively" latex free environment, and she further disputes the ALJ's conclusion that she is capable of travel to a regular office environment for twenty to thirty minute periods as long as the office environment is "clean". The undersigned does not, however, find any reversible error in the ALJ's hypothetical to the vocational expert.

First, the ALJ's use of the term "relatively latex free" was simply an acknowledgment that no environment can be guaranteed to be completely latex free. In his hypothetical to the vocational expert, the ALJ specifically identified Plaintiff's own home, which Plaintiff had made "as latex free as possible", as being the place where she could work. See (R.pp. 244, 246, 255-256, 275-276). Plaintiff had herself acknowledged that working from her home was her best option because she could control the environment. (R.p. 138). As for including in his hypothetical an ability to go into a clean office environment for twenty to thirty minutes at a time, the ALJ noted Plaintiff's own testimony that she was able to go to grocery stores for short periods of time. Plaintiff also testified that she had flown to Pennsylvania to visit her sister for five days, with her only adverse reaction being to the rubber floor mats in her sister's car, that she could travel to her doctor's office for routine medical appointments as long as she took the necessary precautions, and that she could receive mail at her home. (R.pp. 245, 248-249, 253, 274-276). Plaintiff's own testimony that she had made her house "latex free", and that she could function for short periods of time outside of her house and receive correspondence at her house, provides substantial evidence to support the degree of limitation found by the ALJ as set forth in his hypothetical to the vocational expert. Richardson v. Parales, 402 U.S. 389, 390, 401 (1971) [Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"]; Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) [a condition is not



5

disabling if reasonably controlled by medicine or treatment]; Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) [ALJ may properly consider Plaintiff's activities in evaluating the credibility of subjective testimony]; Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) [In weighing a subjective complaint the ALJ should examine how the impairment affects the Plaintiff's routine of life]; Cruze v. Chater, 85 F.3d 1320, 1326 (8th Cir. 1996) [claimant's admission is substantial evidence to support the Commissioner's decision].

In response to this hypothetical, the VE identified the positions of nurse consultant, telephone answer service operator, and claims processor as jobs Plaintiff could do from her home with the limitations noted. (R.pp. 256-257). Plaintiff argues that since she possesses no computer skills; (R.pp. 263-264); she could not perform the clerk processor job identified by the vocational expert. However, Plaintiff herself testified that she could learn how to use a computer, and the vocational expert testified that Plaintiff's orientation period for this position would be "very minimal". (R.pp. 265-267). Cf Stone v. Barnhart, 332 F.Supp.2d 474, 484 (D.Conn. 2004)[accepting jobs identified even though computer training would be necessary]; see 20 C.F.R. § 1568(d). In any event, even if the claims processor job was eliminated, the other two positions identified by the vocational expert provide sufficient job opportunities to the Plaintiff to defeat her claim for DIB. See (R.pp. 256 [nurse consultant - 120 in South Carolina and 59,000 in the nation], 257 [doctor's telephone answering service operator - 200 in South Carolina and 16,000 nationwide]. See also 42 U.S.C. § 423(d)(2)(A); Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989); Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988)[discussing requirement of identifying a significant number of jobs, and what constitutes a significant number of jobs]; Harmon v. Apfel, 168 F.3d 289, 292 (6th Cir. 1999)["the regulations implementing the Social Security Act clarify



this point: 'It does not matter whether . . . [w]ork exists in the immediate area in which you live . . . .'"]; Hicks v. Califano, 600 F.2d 1048, 1051, n.2 (4th Cir. 1979) ["We do not think that the approximately 110 jobs testified to by the Vocational Expert constitute an insignificant number."]; Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987) (174 positions are a significant number); Nix v. Sullivan, 744 F.Supp. 855, 863 (N.D.Ill. 1990) aff'd, 936 F.2d 575 (7th Cir. 1991) [675 jobs are a significant number]; Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-1479 (9th Cir. 1989) [1200 jobs was within the parameters of "significant numbers"]; Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) [500 jobs would be a significant number]; Hyatt v. Apfel, No. 97-2225, 1998 WL 480722 at **3 (4th Cir. Aug. 9, 1998) [650 jobs would be significant number]; Campbell v. Barnhart, No. 01-1429, 2002 WL 32595046 at *14 no. 12 (E.D.Va. Aug. 15, 2002), aff'd, 2003 WL 463511 (4th Cir. 2003).

    Finally, Plaintiff argues in her brief that when the ALJ changed his hypothetical to a "relatively latex-free environment" being the equivalent of Plaintiff's home, that only a telemarketing job was identified by the vocational expert, and that the ALJ did not find a telemarketing job to be one of the jobs Plaintiff could perform with her limitations. See (R.pp. 24, 280-281). However, the Commissioner correctly notes that that was not the vocational expert's testimony. Rather, the revised hypothetical cited by the Plaintiff asked the VE to consider an individual with Plaintiff's limitations and with no transferable skills. (R.pp. 280-281). The ALJ did not find that Plaintiff had no transferable skills, a conclusion which is again supported by substantial evidence. Plaintiff has an advanced degree in her previously performed skilled work as a nurse, and the jobs identified by the vocational expert were either closely related in skills (with respect to the nurse consultant), or were lesser semi-skilled positions which required no more than

7



some orientation to master. (R.pp. 266-268). See 20 C.F.R. § 404.1568(d)(2) [transferability of skills is most probable and meaningful among jobs in which the same or a lesser degree of skill is required]; see also 20 C.F.R.§ 404.1564 [generally, an individual is considered to have skills acquired through past skilled or semi-skilled work]; 20 C.F.R. § 404.1565 [generally, an individual is considered to have skills acquired through past skilled or semi-skilled work]. This argument is without merit.

## Conclusion

Substantial evidence is defined as " … evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
June 14, 2005