

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| LEAH ESTABA, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:04-22078-HFF-BM |
| | § | |
| JO ANNE BARNHART, | § | |
| Commissioner of Social Security, | § | |
|     Defendant. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE AND AFFIRMING THE DECISION OF DEFENDANT

**I.     INTRODUCTION**

This is a Social Security action in which Plaintiff seeks judicial review of the final decision of Defendant, who denied Plaintiff's claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which he suggests that Defendant's decision be affirmed.

**II.    STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed his report on June 14, 2005. Plaintiff filed her objections to the report on June 24, 2005. Defendant subsequently filed her reply to Plaintiff's objections on July 11, 2005. The Court will review each of the objections in turn.

### III.    PLAINTIFF'S OBJECTIONS

*A.    That the hypothetical question did not incorporate Plaintiff's medical condition*

Plaintiff argues that the Administrative Law Judge's (ALJ) use of the term "relatively latex free" to describe the environment in which Plaintiff would be able to work, in essence, constituted reversible error. The Court is unconvinced.

As the Magistrate Judge noted, "the ALJ's use of the term "relatively latex free" was simply an acknowledgment that no environment can be guaranteed to be completely latex free." (Report at 5). In fact, in reviewing the transcript, the Court observes that even Plaintiff's counsel employed similar language at the May 29, 2003, hearing before the Administrative Law Judge (ALJ).

Counsel asked, "[Plaintiff], you've structured, apparently structured your home to exclude *to the extent possible* . . . latex[?]" (Tr. at 246) (emphasis added).

Plaintiff answered, "Yes." *Id*.

It follows, then, that if Plaintiff can live in a home that excludes, "to the extent possible . . . latex[,]" then certainly she would be able to work in an environment that is "relatively latex free." Simply stated, there is no difference between the two. Thus, the Court will overrule this objection.

  B.  *That the hypothetical questions asked the vocational expert presupposed transferred skills that Plaintiff did not have*

Plaintiff next contends that "[t]here is no testimony about [Plaintiff's] past work which would lead to the conclusion that computer skills are transferable from the skills attained at her former work." (Objections at 2). The Court agrees. Nevertheless, the vocational expert testified that there are jobs in the economy that Plaintiff could perform, even without the benefit of any transferrable skills. Therefore, this objection will be overruled.

  C.  *That the jobs cited by the vocational expert do not comport with Plaintiff's limitations*

Plaintiff protests that the jobs of claims clerk processor and nurse consultant require computer skills that Plaintiff does not have. The Court finds this objection to be without merit.

Plaintiff herself acknowledged that she is "not a dumb individual. I probably could learn how to use a computer." (Tr. at 265). Moreover, the vocational expert testified that her orientation to be a nurse consultant would be "very minimal." Hence, this objection will be overruled.

Plaintiff maintains that her limitations do not allow her to travel long distances to accomplish her job. While this may be true, the Court is convinced that there is substantial evidence to support the ALJ's finding that there are a significant number of jobs that a person with Plaintiff's limitations can perform. Since the Magistrate Judge addressed this issue more than adequately in the report, the Court need not address it a second time here. For the reasons stated in the report, the Court will overrule this objection.

Plaintiff avers that the jobs cited by the vocational expert require a capital outlay. As observed by the vocational expert, however, the expenses incurred for the jobs that Plaintiff might

do at home could also be borne by the employer. (Tr. at 286). Thus, the Court will overrule this objection.

**IV.     CONCLUSION**

Although this Court cannot say that it necessarily would have reached the same conclusion as did the ALJ regarding whether Plaintiff is disabled, the Court finds that the ALJ's determination that Plaintiff is not entitled to DIB is supported by substantial evidence. Accordingly, the Court overrules Plaintiff's objections, adopts the report to the extent that it does not contradict this order and incorporates it herein. Accordingly, it is the judgment of this Court that Defendant's decision must be **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2005, in Spartanburg, South Carolina.

/s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE